BILL JACK WOOD V. STATE.

No. 24251. February 2, 1949.
Appeal Reinstated March 16, 1949.

*Anglin & Jones,* Longview, for appellant.

*Ernest S. Goens,* State's Attorney, Austin, for the state.

GRAVES, Judge.

Appellant entered a plea of guilty in the county court of Wood County to the offense of unlawfully transporting an illicit alcohol beverage, to-wit, whisky, in a container to which no tax stamp was affixed showing the payment of such tax due the State of Texas, etc., and his fine was fixed at the sum of $250.00.

Appellant filed a motion on May 5, 1948, requesting the court "to set aside the verdict of guilty against him and grant him a new trial herein for the reason the same is contrary to the law and the evidence herein."

On the 8th day of May, 1948, appellant entered into a recognizance in the sum of $750.00.

No notice of appeal appears in the record except a page evidently taken from the county judge's trial docket, the notatation therein being as follows:

"5-7-48. Defendant's motion for new trial overruled. Defendant excepts and gives notice of appeal to Court of Criminal Appeals, Austin, Texas, and requests reasonable bond."

The record contains no minute nor order relative to such notice of appeal. The statute, Art. 827, C. C. P., provides that such notice shall be given in open court and entered of record. A notation on the trial docket is not a sufficient record of such notice. See cases cited in Vernon's Ann. Tex. C. C. P., Vol. 3, under Note 4 of Art. 827, supra; also under same note in 1948 Annual Pocket Part. See also cases cited in Hughes v. State, No. 24,250, (page 146 of this volume) this day decided.

No notice of appeal being shown herein, the appeal is dismissed.

KRUEGER, Judge.

This is a companion case to that of James Lee Hughes v. State, No. 24,250, (page 146 of this volume) wherein we dismissed the appeal as stated therein; and for the same reasons, the appeal was dismissed in this case.

Appellant filed a motion to reinstate the appeal accompanied by a supplemental transcript showing that he is entitled to have his appeal reinstated and the case considered on the question presented for review. Therefore, the motion to reinstate the appeal is granted and the appeal is reinstated. In this case as in that, appellant contends that he was deprived of his bills of exception without fault or negligence on his part. The facts showing this matter are the same in both cases. For the reasons stated in reversing and remanding the case of James Lee Hughes v. State, this case is reversed and remanded.

Opinion approved by the Court.